UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GLORIA ALVAREZ, Individually and On Behalf
of All Others Similarly Situated,

                      Plaintiffs,

                      Civil Case No.

    -against-

CRYSTAL COMMERCIAL CLEANING
SERVICES, INC. and CCC NE, LLC,

                      Defendants.

---

## CLASS ACTION COMPLAINT

Plaintiff, GLORIA ALVAREZ, alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, individually and in her representative capacity, brings this action for violations of New York's Wage and Hour Laws ("NYWHL"), and violations of the Fair Labor Standards Act ("FLSA"). More specifically, Plaintiff asserts that she and members of the Class, as non-exempt employees, are entitled to recover unpaid New York prevailing minimum wages and all unpaid overtime compensation for hours in excess of 40 in the workweek; for liquidated damages, costs and reasonable attorney's fees.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the NYWHL and FLSA, as above described.

1

## PARTIES

3. Plaintiff, GLORIA ALVAREZ, is an individual presently residing in Corona, New York 11368.

4. CRYSTAL COMMERCIAL CLEANING SERVICES, INC., ("Crystal") is a corporation created under and by virtue of the laws of the Commonwealth and State of Virginia, with principal offices located at 9403 Grant Avenue, Manassas, VA 20110.

5. CCC NE, LLC, is a Virginia limited liability company with principal offices located at 9403 Grant Avenue, Manassas, VA 20110.

6. CCC NE, LLC, is wholly owned by Crystal and hereinafter Defendants will collectively referred to as "CRYSTAL."

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it arises under the Federal Fair Labor Standards Act, 29 U.S.C. § 216(b), a federal statute.

8. This court has jurisdiction over Plaintiff's' state law claims pursuant to 28 U.S.C. §1367(a), pursuant to the doctrine of supplemental jurisdiction.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (c), because CRYSTAL may be found in this District, transacts business in this District, and the challenged conduct occurred in this State.

## STATEMENT OF MATERIAL FACTS

10. CRYSTAL is a commercial janitorial and facility maintenance services company transacting business in multiple states, including New York.

11. Plaintiff was employed by CRYSTAL as a laborer performing cleaning and maintenance services in New York, from approximately September 2015 to November 23, 2016.

12. CRYSTAL is an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

13. At all times material and relevant herein, CRYSTAL was the employer of Plaintiff within the meaning of 29 U.S.C. §§201 et. seq.

14. At all relevant times, Plaintiff was an employee of CRYSTAL within the meaning of NYLL§§650 et. seq. and the supporting New York State Department of Labor regulations.

15. At all relevant times, CRYSTAL possessed the authority and power to hire or terminate Plaintiff and members of the Class.

16. At all relevant times, CRYSTAL possessed the authority and power to control the work schedule and conditions of employment of Plaintiff and members of the Class.

17. At all relevant times, CRYSTAL possessed the authority and power to determine the rate and method of the payment of wages to Plaintiff and members of the Class.

18. At all relevant times, CRYSTAL possessed the authority and power to determine that Plaintiff and members of the Class were non-exempt employees.

19. At all relevant times, CRYSTAL possessed the authority and power to determine its own corporate overtime policy.

20. At all relevant times, CRYSTAL possessed the authority and power to determine compensation day policies and kept and/or had unrestricted access to records regarding the employment of Plaintiff and members of the Class.

21. Plaintiff and members of the Class were required by CRYSTAL and did regularly work over 40 hours per week.

22. Plaintiff regularly worked at least seven (7) hours per day, seven (7) days per week.

23. Each week, Plaintiff was paid a gross wage of $420.00.

24. During the applicable statutory period, Plaintiff and members of the Class Plaintiff were paid less than the prevailing New York minimum wage.

25. During the applicable statutory period, Plaintiff and members of the Class generally worked each week, in excess of 40 hours.

26. During the applicable statutory period, Plaintiff and members of the Class were never paid overtime compensation by CRYSTAL, for all hours worked each week, in excess of 40 hours.

27. During the applicable statutory period, Plaintiff and members of the Class were never paid overtime compensation by CRYSTAL, at a rate of 1.5 times their regular rate of pay, for all hours worked each week, in excess of 40 hours.

28. During the applicable statutory period, Plaintiff and members of the Class were required to submit false time records which understated the true number of hours worked.

29. At all times material and relevant herein, CRYSTAL failed to keep full and accurate records of hours and wages of Plaintiff and members of the Class, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

30. To illustrate the foregoing, during the week of 10/16/16, Plaintiff worked 49 hours and received compensation in the amount of $420.00 ($8.57 per hour).

31. Plaintiff should have received a minimum wage of $9.00 per hour.

32. Plaintiff should have received an overtime rate of $13.50 per hr. X 9.0 hrs = $121.50 overtime compensation for the week.

33. During the applicable statutory period, other current and former employees of CRYSTAL, performing cleaning and maintenance services in New York, are similarly situated in that they were not paid prevailing minimum wage and overtime compensation as mandated by the FLSA.

34. During the applicable statutory period, other current and former employees of CRYSTAL, performing cleaning and maintenance services in New York, are similarly situated in that they were not paid prevailing minimum wage and overtime compensation as mandated by the NYWHL.

35. CRYSTAL intentionally and knowingly circumvented FLSA and New York wage and hour overtime compensation requirements.

36. CRYSTAL'S wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S.

Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

37. CRYSTAL'S widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## CLASS ALLEGATIONS

38. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

39. Plaintiff brings this action on behalf of herself and all others similarly situated. Plaintiff seeks to represent the following Class:

> All current and former laborers performing cleaning and maintenance services in the State of New York, employed by CRYSTAL during the applicable statutory period, who were not paid prevailing minimum wage and/or overtime compensation for work weeks in excess of 40 hours.

40. Plaintiff is a member of the Class she seeks to represent.

41. Plaintiff sues on behalf of herself and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an opt-in class action.

42. Plaintiff and the putative class are similarly situated in that they are all subject to CRYSTAL'S common plan or practice of refusing to pay them prevailing minimum wage and/or compensate them for earned overtime premiums for work weeks in excess of 40 hours.

43. As to Plaintiff's claims for money damages, pursuant to New York Labor Law §650 et. seq., the applicable wage and hours law under which class members worked, Plaintiff sues on behalf of herself and all other members of the above-defined class. Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b) (3) because all the requirements of the Rules are met.

44. The class is so numerous that joinder of all members is impractical. Upon information and belief, there are hundreds of members in the Class. While the exact number and identities of class members are unknown at this time, such information is in the possession of CRYSTAL and can be ascertained through appropriate discovery.

45. There are questions of law and fact common to the Class.

46. The named Plaintiff's claims are typical of those of the Class members. Plaintiff's claims encompass the challenged practices and course of conduct of CRYSTAL. Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class.

47. The named Plaintiff will fairly and adequately protect the interests of the Class. The Plaintiff's claims are not antagonistic to those of the putative Class and she has hired competent counsel skilled in the prosecution of class actions.

48. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

49. To conduct this action as a collective action under the FLSA and as a conventional class action under FRCP Rule 23 presents few management difficulties,

7

conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## FIRST CLAIM FOR RELIEF
### (INDIVIDUAL CLAIMS –FLSA VIOLATIONS)

50. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

51. CRYSTAL violated the FLSA by failing to properly compensate Plaintiff for all hours in a workweek in excess of forty (40).

52. CRYSTAL violated the FLSA by failing to compensate Plaintiff at a rate of 1.5 times her regular rate of pay, for all hours in a workweek in excess of 40.

53. CRYSTAL'S conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

54. By reason of these unlawful acts, CRYSTAL is liable to Plaintiffs for all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (INDIVIDUAL CLAIMS – NYWHL VIOLATIONS)

55. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

56. CRYSTAL violated the NYWHL by refusing and failing to pay Plaintiff the prevailing minimum wage.

57. CRYSTAL violated the NYWHL by failing to compensate Plaintiff for all hours in a workweek in excess of forty (40).

58. CRYSTAL violated the NYWHL by failing to compensate Plaintiff at a rate of 1.5 times her regular rate of pay, for all hours in a workweek in excess of 40.

59. CRYSTAL'S conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

60. By reason of these unlawful acts, CRYSTAL is liable to Plaintiffs for all unpaid minimum wages and all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYWHL.

## THIRD CLAIM FOR RELIEF
### (CLASS CLAIMS –NYWHL VIOLATIONS)

61. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

62. CRYSTAL violated the NYWHL by refusing and failing to pay Class Members the prevailing minimum wage.

63. CRYSTAL violated the NYWHL by failing to compensate Class Members for all hours in a workweek in excess of forty (40).

64. CRYSTAL violated the NYWHL by failing to compensate Class Members at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of forty (40).

65. CRYSTAL'S conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

66. By reason of these unlawful acts, CRYSTAL is liable to Class Members for all unpaid minimum wages and all unpaid overtime compensation, in amounts to be

determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYWHL.

## FOURTH CLAIM FOR RELIEF
### (CLASS CLAIMS –FLSA VIOLATIONS)

67. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

68. CRYSTAL violated the FLSA by failing to properly compensate Class Members for all hours in a workweek in excess of forty (40).

69. CRYSTAL violated the FLSA by failing to compensate Class Members at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of forty (40).

70. CRYSTAL'S conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

71. By reason of these unlawful acts, CRYSTAL is liable to Class Members for all unpaid minimum wages and all unpaid overtime compensation, in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and damages as follows:

(a) A declaration that CRYSTAL'S practices, as alleged herein, violate the provisions of the FLSA and NYWHL.;

(b)     Judgment for unpaid minimum wages to which Plaintiff and Class Members are lawfully entitled pursuant to the NYWHL;

(c)     Judgment for unpaid overtime compensation to which Plaintiff and Class Members are lawfully entitled pursuant to the NYWHL and FLSA;

(d)     Judgment for liquidated damages pursuant to FLSA and NYWHL in an amount equal to the unpaid minimum wages and unpaid overtime compensation to which Plaintiff and Class Members are lawfully entitled, but which were intentionally and wrongfully withheld by CRYSTAL.

(e)     An order directing CRYSTAL to pay Plaintiff and Class Members their reasonable attorney's fees and all costs connected with this action.

(f)     Such other and further relief as this Court may deem just and proper.

Dated: January 13, 2017

BLAU, LEONARD LAW GROUP, LLC

_____
Steven Bennett Blau, Esq.
Shelly A. Leonard, Esq.
23 Green Street, Suite 303
Huntington, NY 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

*Attorneys for Plaintiffs*